**FILED**

APR 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL C. MASTERS,<br><br>           Petitioner,<br><br>   v.<br><br>U.S. SECURITIES & EXCHANGE COMMISSION,<br><br>           Respondent. | No.   22-70131<br><br>SEC No. 3-20051<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Securities & Exchange Commission

Argued and Submitted March 31, 2023
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and SELNA,** District Judge.

   Daniel C. Masters seeks review of a May 20, 2022 order of the United States

Securities and Exchange Commission (SEC) denying his motion to vacate a

September 23, 2020 order (the "2020 Consent Order") and denying his motion to

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **   The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

be reinstated to appear or practice before the SEC. We have jurisdiction under 15 U.S.C. § 78y(a)(1), and we deny his petition.

Because Masters knowingly and voluntarily entered the 2020 Consent Order, which included a waiver of all post-hearing procedures, *see* 17 C.F.R. § 201.240(a), (c)(4), the SEC did not err in concluding that Masters waived his right to challenge the order. Nor did the SEC abuse its discretion in concluding that, because Masters failed to show newly discovered evidence, fraud or misconduct, an intervening change in law, or any other unforeseeable circumstance, he failed to demonstrate that there were compelling circumstances to support vacating the 2020 Consent Order. *Bolan*, S.E.C. Release No. 10640, 2019 WL 2324336, at *3 (May 30, 2019) (citation omitted); *Feldman*, S.E.C. Release No. 10078, 2016 WL 2643450, at *2 (May 10, 2016).

Although it was not necessary for the SEC to reach Masters's further arguments, the SEC did not err in concluding that his arguments lacked merit. Contrary to Masters's assertions, the SEC had statutory jurisdiction over Masters's misconduct. *See* 15 U.S.C. §§ 77h-1(a), (f), (g)(1), 78d-3, 78o(b)(6), 78u(a)(1),

78u-2, 78u-3(a), (f); 17 C.F.R. § 201.102(e)(1)(iii).[1]  Nor did the SEC err in determining that regardless whether Masters's conduct complied with the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure, the SEC had full authority to institute proceedings and impose sanctions under the applicable securities laws.

Finally, the SEC did not abuse its discretion in concluding that Masters failed to establish good cause to be reinstated to appear and practice before the SEC due to the seriousness of his misconduct and the absence of other favorable circumstances.  17 C.F.R. § 201.102(e)(5)(i).  We do not have authority to address Masters's remaining contentions because he failed to raise them to the SEC.  *See* 15 U.S.C. § 78y(c)(1).

**PETITION DENIED.**

---

[1] Because administrative agencies like the SEC exercise executive power under Article I, not judicial power under Article III, *see Am. Ins. Co. v. 356 Bales of Cotton*, 26 U.S. 511, 512 (1828), *see also Seila L. LLC v. CFPB*, 140 S. Ct. 2183, 2234 n.7 (2020) (Kagan, J., concurring in part), Masters's argument that the SEC lacked Article III subject matter jurisdiction is inapplicable here.